UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| AMBER ABEL-MCKEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:23-CV-60 |
| | ) | |
| ENRICHMENT INSTITUTE d/b/a Ashley Academy and RAMONA HARR, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff has filed a Motion to Amend [Doc. 38] seeking leave to amend her Answer to Defendants Ashley Academy's Second Counterclaim along with a supporting memorandum [Doc. 39]. Defendants filed a Response [Doc. 40] opposing Plaintiff's motion, to which Plaintiff filed a Reply [Doc. 42]. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court and is now ripe for disposition. For the reasons stated herein, Plaintiff's Motion [Doc. 38] is **GRANTED**.

I.  PROCEDURAL HISTORY

Plaintiff initially filed suit in this matter on June 7, 2023. That Complaint [Doc. 1] named only Ashley Academy as a defendant and asserted one claim of Fair Labor Standards Act ("FLSA") retaliation and one claim of retaliation under the Tennessee Public Protection Act ("TPPA"). On August 14, 2023, Ashley Academy filed an Answer [Doc. 6] to Plaintiff's Complaint. Thereafter, on October 10, 2023, Plaintiff filed a Motion [Doc. 13] to amend her complaint to add new claims, remove her state law claim, and add Ramona Harr as a defendant. Ashley Academy filed a Response [Doc. 14] noting that it did not oppose Plaintiff's motion "given

the liberal legal standard for amendment." Plaintiff's first Motion to Amend was granted, and her First Amended Complaint [Doc. 16] was filed on November 16, 2023. In addition to adding Ms. Harr as a defendant to her FLSA retaliation claim and abandoning her claim under the TPPA, Plaintiff's First Amended Complaint added a claim of discrimination under the Americans with Disabilities Act ("ADA") against Ashley Academy and a claim for violation of the Family Medical Leave Act ("FMLA") against both Ashley Academy and Ms. Harr. On November 30, 2023, Defendants filed an Answer to Plaintiff's First Amended Complaint [Doc. 19] within which Ashley Academy alleged a counterclaim against Plaintiff for one count of breach of contract for failure to perform the essential duties of her employment agreement, and one count of breach of contract for use of PTO exceeding the amount allowed. Plaintiff filed an Answer [Doc. 20] to Ashley Academy's counterclaim on December 21, 2023.

Approximately one month later, Plaintiff filed a Second Motion to Amend Complaint [Doc. 23] to add additional causes of action for retaliation under the FLSA, ADA and FMLA based upon Ashley Academy's counterclaim which was ultimately granted [Doc. 33]. On April 3, 2024, Defendants filed an Answer [Doc. 35] to Plaintiff's Second Amended Complaint that also reasserted Ashley Academy's counterclaim. Plaintiff filed an Answer to the counterclaim on April 17, 2024. Plaintiff then filed the instant motion [Doc. 38] on June 15, 2024, wherein she seeks to amend her Answer as follows: 1) by making factual changes to conform to deposition testimony; 2) add a citation to Tenn. Code Ann. § 50-20-110 to the already-stated affirmative defense of first material breach; and 3) by asserting the voluntary payment doctrine as an affirmative defense.

Plaintiff acknowledges that her Motion was filed after the deadline to do so set forth in the scheduling order [Doc. 11] entered in this cause but argues that good cause exists for the late filing. Specifically, Plaintiff explains that she agreed to delay depositions until after the May 28, 2024

deadline to amend pleadings upon the request of Defendants, which was made due to the serious illness of Defendant Harr's husband. Additionally, Plaintiff asserts that while she is not obligated to amend her pleading to allege the voluntary payments defense because it could be raised at a later stage in the litigation, good cause exists for permitting her to assert the defense now as it will give Defendants earlier notice of the defense and provide an opportunity for Defendants to explore this defense before the close of discovery. Plaintiff also argues that the standard for amending pleadings under Federal Rule of Civil Procedure 15 is met here because the amendment is not futile, would not prejudice the opposing party, and is not the result of undue delay.

In response, Defendants argue that the Court should deny the motion because Plaintiff has not established good cause for her untimely request to amend. Defendants further argue that even if the Court finds Plaintiff has established good cause for her late request to amend, the motion should still be denied because Defendants will be prejudiced by the delayed amendment. Specifically, Defendants argue that, if permitted, the amendment will result in Plaintiff's assertion of new legal theories "after Plaintiff's deposition and with only a month-and-a-half left in the discovery period." [Doc. 40, p. 5]. Further, Defendants assert that the factual changes Plaintiff proposes to make are inconsistent with Plaintiff's deposition and an email provided in discovery and is instead an "attempt to change her admission of fact to conform to her present legal theories." *Id.* at p. 8.

## II. LEGAL STANDARDS

### a. Rule 16

Once a scheduling order has been issued, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's

requirements." *Brashier v. Manorhouse Mgmt., Inc.*, No. 3:20-CV-294, 2021 WL 6275253, at *1 (E.D. Tenn. Feb. 10, 2021) (quoting *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005)). Accordingly, to establish good cause the moving party must show "that despite their diligence they could not meet the original deadline." *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)). "[M]ere inadvertence by the moving party, even when coupled with an absence of prejudice to the non-moving party, is insufficient to establish good cause." *Trustees of Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund v. Crawford*, No. 1:06-CV-245, 2007 WL 2905616, at *2 (E.D. Tenn. Oct. 2, 2007) (citing *Anderson v. City of Dallas*, 210 F.R.D. 579, 581 (N.D. Tex. 2002)) (internal quotations omitted). "Prejudice to the non-moving party is a relevant consideration, but the main focus should remain on the moving party's exercise of diligence." *Eimers v. Lindsay Corp.*, No. 1:19-cv-44-TRM-SKL, 2021 WL 5281602, at *2 (E.D. Tenn. May 7, 2021) (quoting *United States v. Nelson Inc.*, 286 F.R.D. 327, 330 (W.D. Tenn. 2012) (internal quotations omitted). Even after good cause is established, "the Court retains discretion to grant or deny the motion." *Trustees of Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund v. Crawford*, No. 1:06-CV-245, 2007 WL 2905616, at *2 (E.D. Tenn. Oct. 2, 2007) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). A party "must first show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Doss v. W. Rogers Co.*, No. 3:10-CV-532, 2012 WL 902941, at *3 (E.D. Tenn. Mar. 15, 2012) (citing *Leary*, 349 F.3d at 909).

   b. Rule 15

If good cause to satisfy Rule 16 is established, the proposed amendment must then be analyzed pursuant to Rule 15 of the Federal Rules of Civil Procedure. "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal

amendment policy.'" *Knox Trailers, Inc. v. Clark*, No.3:20-cv-137, 2020 WL 12572938, at *1 (E.D. Tenn. Nov. 19, 2020) (citing *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016)). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than on procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). At the same time, amendment is not appropriate in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the opposing party, or the amendment is futile. *Leary*, 349 F.3d at 905 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. ANALYSIS

#### a. Good Cause to Modify the Scheduling Order

As explained above, the Court must first consider whether Plaintiff has established good cause to permit her to file a motion to amend at this juncture. Plaintiff asserts that good cause exists for two reasons. First, Plaintiff points to the delayed depositions. Depositions in this matter were originally scheduled to take place in early April 2024 but were delayed at the request of Defendants, with the consent of Plaintiff, due to serious illness of Defendant Harr's husband. Depositions then took place on June 11, 12, and 13, after the May 28, 2024, deadline to amend pleadings had passed. Plaintiff further avers that statements made during depositions form the basis of at least some of the proposed amendments. [Doc. 39, p. 16]. Additionally, Plaintiff states that there is good cause to amend because amending her pleading now to assert the voluntary payments affirmative defense will provide Defendants with earlier notice than if Plaintiff were to raise the defense at a later stage in the litigation. Specifically, Plaintiff asserts that permitting the

amendment now will provide Defendants an opportunity to explore the defense before the close of discovery. *Id.*

Defendants disagree, arguing that Plaintiff has failed to identify any "new evidence that was revealed during the depositions that supports the requested amendments and was previously unavailable to her through reasonable diligence." [Doc. 40, p. 4]. Further, Defendants argue that the voluntary payment doctrine and Tenn. Code Ann. § 50-2-110 were not addressed during depositions and the facts upon which those defenses are based were known by or available to Plaintiff prior to the deadline to amend pleadings. *Id.* Defendants further argue that they will be prejudiced by Plaintiff's proposed amendment because "Plaintiff is asserting new legal theories after Plaintiff's deposition and with only a month-and-a-half left in the discovery period." [Doc. 40, p. 5]. At the same time, Defendants do not refute, or even address, Plaintiff's contention that the voluntary payment defense could be raised later under applicable law. Of course, if Plaintiff's contention is correct, asserting the defense now would permit Defendants more time to explore the defense than they would have otherwise. Defendants do argue that their primary opportunity to explore Plaintiff's affirmative defenses would have been during Plaintiff's deposition which has already occurred. Under the voluntary payment doctrine, "where one party makes a voluntary payment with knowledge of all relevant facts, and then sues to recover that payment, there generally can be no recovery, even if there was no legal liability to pay in the first place." *Pratt v. Smart Corp.*, 968 S.W.2d 868, 871 (Tenn. Ct. App. 1997). In other words, it is Defendants' knowledge of relevant facts at the time payments were made that would appear to be primarily at issue. On the other hand, Defendants' counsel would be entitled to inquire of Plaintiff what information she had provided to Defendants at the time they were making the payments at issue.

Still, the instant motion was filed on June 15, 2024, approximately two-and-a-half weeks after the May 28, 2024, deadline to amend pleadings set forth in the scheduling order, but only two days after the completion of depositions, which were delayed by approximately two months at the request of Defendants. The court does not find that the minimal period of delay in filing the instant motion demonstrates a lack of diligence on the part of Plaintiff. Rather, the timing of Plaintiff's request to amend to conform with the completion of depositions demonstrates a good deal of diligence given the short turnaround between the completion of those depositions and the filing of the motion. Even if no new evidence was revealed during the deposition, it is not inappropriate to permit Plaintiff to amend her pleading to provide additional context that arose during the deposition, as Plaintiff had no way of knowing what details might be relevant to her request to amend until after depositions were concluded. At the same time, Defendants are correct in their assertions that Plaintiff knew or should have known all the information necessary to assert a voluntary payment affirmative defense and include a citation to Tenn. Code Ann. § 50-20-110 in support of her first material breach affirmative defense before the deadline to amend expired. Still, by not addressing Plaintiff's claim that she could assert the voluntary payment defense later, Defendants appear to concede that Plaintiff could, in fact, wait to raise it. Defendants further fail to address why there would not be good cause to allow Plaintiff to assert a new affirmative defense or assert additional support for an existing affirmative defense sooner rather than later.[1]

---

[1] In support of their position, Defendants cite to several out-of-circuit opinions. Because the factual circumstances surrounding these opinions differ from those here and those opinions are not binding on the Court, the Court finds this authority unpersuasive. Defendants also point to *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) to support their contention that good cause does not exist to permit amendment. However, in *Garza,* the plaintiff filed her motion to amend roughly nine months after the deadline to do so set forth in the scheduling order and was attempting to add an additional claim against the defendant. *Id.* By contrast, here the delay in filing the motion is significantly shorter and Plaintiff does not seek to add any additional claims. As such, the Court finds this matter is distinguishable from *Garza*.

Federal Rule of Civil Procedure 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense…" At the same time, "[f]ailure to raise an affirmative defense by responsive pleading does not always result in waiver." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (citing *Moore, Owen, Thomas &Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993)). Indeed, "delay alone is insufficient reason for a court to disallow an affirmative defense…" *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 5586729, at *14 (E.D. Tenn. Nov. 20, 2017) (quoting *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980)) (internal quotations omitted). However, this does not mean that an affirmative defense may be raised at any stage of the proceedings. *Id.* Instead, "the Sixth Circuit has recognized that a defendant should inject a new affirmative defense into a case at a pragmatically sufficient time." *Id.* at *15 (citing *Coffey*, 992 F.2d at 1445). That is to say, the affirmative defense cannot be "so belated or pragmatically inopportune that it prevents, or effectively prevents, a plaintiff from responding to it at all." *Id.* (citing *Coffey*, 992 F.2d at 1445).

The Sixth Circuit has found an affirmative defense raised in response to a motion for summary judgment provided plaintiffs with sufficient notice of the affirmative defense pursuant to Rule 8(c). *Coffey*, 992 F.2d at 1445-46. In another case, an affirmative defense raised just three days before trial was found to be raised timely. *See Sushka*, 117 F.3d at 968-970.[2] Because of the nature of the affirmative defense asserted, Plaintiff might well be permitted to raise the voluntary

---

[2] Plaintiff, citing *Epazz,, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 20-1552, 2021 WL 3808946, at *8 (6th Cir. Aug. 26, 2021), also implies that affirmative defenses, including the voluntary payment doctrine, may be asserted as late as the final pretrial order. However, the *Epazz* court did not actually state that an affirmative defense could be raised in the final pretrial order. Rather, the court pointed to the conspicuous absence of the affirmative defenses from the pretrial order, which included numerous other defenses, to illustrate the plaintiff's lack of reasoning as to why the defenses could not have been raised earlier. In so doing, the court did not comment on whether defenses first raised in a pretrial order would be permitted. Were this the only legal authority to support Plaintiff's request to amend, the Court likely would not permit the amendment. However, there is other legal authority which has led the Court to conclude that Plaintiff's request to amend to assert an affirmative defense at this stage in the proceedings is appropriate.

payment doctrine as a defense at a later stage in the litigation. However, the Court does not need to address that question because in Plaintiff requesting to amend now, before the close of discovery, the Court finds that Defendants are being provided with ample notice of the defense and a full opportunity to explore it.

Additionally, given that Plaintiff could likely raise an entirely new affirmative defense in the future, it stands to reason that she would also be able to add clarifying information to an existing affirmative defense, as she seeks to do here by adding a statutory citation to the first material breach affirmative defense. The addition of this citation does not materially alter the defense in any way, it merely provides additional information about the defense to Defendants. It is difficult to see how permitting Plaintiff to amend her pleading to assert the voluntary payment affirmative defense and add a legal citation to an already-asserted affirmative defense at this juncture could be unfairly prejudicial to Defendants.

Given the relatively short period of time between the deadline to amend set in the scheduling order and the filing of the instant motion and the fact that such amendment might even benefit Defendants to some degree by ensuring more time to explore the voluntary payment affirmative defense than they might otherwise have and providing additional information about an already-asserted defense, the Court finds that good cause exists to modify the scheduling order to permit Plaintiff to late-file her motion to amend.

### b. Satisfaction of Rule 15

The Court now turns to whether Plaintiff's amendment should be permitted under Rule 15. As noted above, Rule's 15 sets forth a liberal standard for amendment, but amendment may still not be proper in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the

opposing party, or the amendment is futile. *Leary*, 349 F.3d at 905 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants' argument that Plaintiff's amendment should not be permitted pursuant to Rule 15 also centers around prejudice to Defendants. The Court has already addressed, and found unpersuasive, Defendants' argument that permitting Plaintiff to amend her pleading to assert a new affirmative defense shortly before the discovery deadline will unduly prejudice them.

Defendants further argue that Plaintiff's proposed factual amendments will also result in prejudice. Specifically, Plaintiff proposed to amend her answer to paragraph 25 of Ashley Academy's counterclaim which states: "McKee had to be absent from work at Ashley Academy to provide care to Jesse McKee. McKee's absences to provide care to Jesse McKee were not by her choice but were necessary due to Jesse McKee's medical condition and treatment." [Doc. 36, p. 37]. Plaintiff previously admitted in part and denied in part this allegation, noting that "[i]t is admitted that [these absences were] not by Plaintiff's choice and that these arrangements were necessary due to Jesse McKee's medical condition and treatment." [Doc. 36, p. 5]. Plaintiff proposed to amend this answer to state, "[i]t is admitted that [these absences were] not by Plaintiff's choice in the sense that she did not choose for Jesse McKee to become ill, and it was necessary for someone to accompany him to medical appointments and assist him due to his medication condition and while he underwent treatment." [Doc. 38-1, p. 5]. Defendant contends that Plaintiff's proposed amendment is not consistent with an email she sent on March 22, 2022, stating that her absences from work were "not by 'choice.'" [Doc. 40, p. 7]. Defendant further argues that this amendment is not consistent with Plaintiff's deposition testimony in which she stated, "she had a choice between being present at school or Mr. McKee 'dying' from his illness," and "appear intended to avoid what Plaintiff now understands to be the legal significance of her

admission in her pleading." *Id.* (emphasis omitted). Put another way, Defendant contends that Plaintiff's motion is an attempt for her to change her admissions of fact to fit new legal theories.[3]

In response, Plaintiff notes that deposition transcripts are not yet available but asserts that the proposed amendment is "simply an effort to conform this paragraph to the plaintiff's deposition testimony." [Doc. 42, p. 3]. Plaintiff explains that during her deposition she ultimately testified that "had she known she was going to lose her job because of these absences, she likely would have tried to get someone else to attend some of Mr. McKee's appointments with him." *Id.* Plaintiff states that this testimony is consistent with a calendar that was produced earlier in discovery that showed Plaintiff was sharing caretaker duties with others. Moreover, Plaintiff asserts that this amendment does not change a denial to an admission or an admission to a denial. *Id.*

The Court agrees with Plaintiff that permitting her to amend her answer to conform more closely to her deposition testimony will not result in any undue prejudice to Defendants. First, it appears from the pleadings on this issue that Plaintiff's detrimental reliance, or lack thereof, was thoroughly addressed during Plaintiff's deposition. Changing the clarifying details of Plaintiff's admission at this point will not deprive Defendants of any opportunity to address the specifics of that issue with Plaintiff. Additionally, if Plaintiff's deposition testimony is not consistent with the amendment to her pleading, Defendant will have an opportunity to address such inconsistencies at the summary judgment stage and if summary judgment is not granted, then during cross examination at trial. Finally, while the discovery deadline is near, it has not yet arrived.[4] Permitting an amendment at this point will still afford Defendants an opportunity to further explore the content

---

[3] Defendant argues this admission is significant due to the legal theory Plaintiff is relying upon for her FMLA claim. Under the theory, a plaintiff cannot establish reasonable reliance on a definite misrepresentation of material fact when the plaintiff took leave because it was medically necessary.

[4] The scheduling order states that all discovery shall be completed by August 6, 2024. However, the order goes on to explain that the parties may conduct discovery after this date by agreement. [Doc. 11, p. 2].

of the amendments prior to the close of discovery. For these reasons, the Court finds permitting Plaintiff to amend her answer will not result in undue prejudice to Defendants. As Defendants did not raise any other concerns regarding compliance with Rule 15, the Court finds it unnecessary to discuss any additional factors that may be considered when considering a request to amend, particularly given Rule 15's liberal amendment standard.

While, in absence of the transcript from Plaintiff's deposition, the Court has no way to assess whether there is additional ground which Defendants need to plow with Plaintiff regarding the affirmative defense Plaintiff is being permitted to assert, the Court will allow Defendants to take a supplemental deposition of Plaintiff. However, during this supplemental deposition Defendants shall be limited to questioning Plaintiff regarding **only** the affirmative defense being added to her answer.

### IV. CONCLUSION

Based upon the reasons set forth above, the Court finds it is appropriate to permit Plaintiff to amend her answer by 1) making factual changes to conform to deposition testimony; 2) adding a citation to Tenn. Code Ann. § 50-20-110 to the already-stated affirmative defense of first material breach; and 3) asserting the voluntary payment doctrine as an affirmative defense, and Plaintiff's Motion [Doc. 38] is **GRANTED**. Plaintiff is **DIRECTED** to file an amended answer on or before **July 24, 2024**. Defendants shall then be permitted to take a supplemental deposition of Plaintiff but only under the terms set forth above.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge